IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARICRUZ GALVAN AND<br>MARIA GALVAN<br>  *Plaintiffs*<br><br>VS.<br><br>VICTOR ANTONIO AND<br>LANDSTAR RANGER, INC.<br>  *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>Civil Action No. 5:21-cv-824<br><br><br><br><br>**Jury Trial Demanded** |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COME Plaintiffs, Maricruz and Maria Galvan, and file their Original Complaint against Defendants, Victor Antonio and Landstar Ranger, Inc. In support thereof, Plaintiffs would respectfully show the Court as follows:

### I.
#### PARTIES

1.1 Plaintiffs, Maricruz and Maria Galvan, are citizens of Big Spring, Howard County, Texas.

1.2 Defendant, Victor Antonio ("Antonio"), is believed to be a citizen of the United States residing in the State of California. He may be served with process by serving him at his place of employment, including at Landstar's Texas office at 622 Wheat Ridge Rd., Allen, Texas 75002, or one of Landstar's various other Texas offices, or wherever he may be found.

1.3 Defendant, Landstar Ranger, Inc. ("Landstar"), is a for-profit Delaware corporation with its principal place of business in Jacksonville, Florida. Landstar is the owner of the tractor-trailer involved in the subject crash that makes the basis of this

lawsuit and is also the employer of Defendant Antonio. Landstar may be served with process by serving its registered agent, CT Corporations System, at 1999 Bryan Street, Suite 900, Dallas, Texas.

## II.
### VENUE AND JURISDICTION

2.1   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between all Plaintiffs and Defendants and Plaintiffs seek damages in excess of $75,000, exclusive of interests and costs.

2.2   This Court has specific personal jurisdiction over both Defendants because they purposely directed their activities in Texas and the litigation is the result of injuries that arise out of and relate to those activities. In particular, this action arises foreseeably from Defendants' conduct following their purposeful choice to operate and/or cause operation of a vehicle on the roadways of Texas (Defendant Antonio in operating the vehicle in Texas, and Landstar in directing such operation and having Antonio, its employee, servant and/or agent, operate it in Texas) and the applicable failure to exercise ordinary care while doing so within Landstar's truck. Defendants should have reasonably anticipated being haled into court in Texas given the substantial connection between their activities in Texas and the claims made in this lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with Defendants' tortious activities in Texas, and this Court's personal jurisdiction over these Defendants in this action arises from that nexus. Defendants themselves created the contacts with Texas; they purposefully availed themselves of the privilege of conducting activities within Texas. Defendants have sufficient minimum contacts (both substantial contacts

and continuous contacts, generally and with respect to this action) with the State of Texas to support the exercise of personal jurisdiction over them by a court in the forum state. Based upon the direct connection between the Defendants' activities in Texas and the claims made against them as well as the minimum contacts purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with the Texas Long Arm statute and with due process; it does not offend traditional notions of fair play and substantial justice and is neither unfair nor unreasonable.

2.3   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Specifically, the crash giving rise to this lawsuit occurred in Dimmit County Texas, which is found within the Western District of Texas.

### III.
### BACKGROUND FACTS

3.1   According to the crash report, on March 19, 2021, at roughly 9:00 a.m., Plaintiffs were driving near the 1000 block of North First Street in Carrizo Springs, Dimmit County, Texas. Suddenly, while attempting to change lanes, Defendant Antonio's vehicle crashed into Plaintiffs' vehicle. As a result of the crash, Plaintiffs suffered severe injuries.

3.2   At all times during the time of the crash, Defendant Antonio was in the course and scope of his employment with his employer, Landstar.  As such, Landstar is liable for the acts and omissions of Defendant Antonio under the doctrine of *respondeat superior*.  Alternatively, Defendant Antonio was the statutory employee of Landstar pursuant to the Federal Motor Carrier Safety Regulations.  *See* 49 C.F.R. § 376.1, *et seq*.

## CAUSES OF ACTION AGAINST DEFENDANTS ANTONIO AND LANDSTAR

### IV.
#### NEGLIGENCE AND VICARIOUS LIABILITY

4.1     Defendant Antonio committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiffs' damages.

4.2.    Defendant Antonio owed a duty to Plaintiffs to exercise ordinary care. Defendant Antonio's acts and/or omissions of negligence include, without limitation, one or more of the following:

(a)     Operating a vehicle on a public roadway while failing to keep a proper lookout;

(b)     Failing to safely operate the subject tractor-trailer;

(c)     Crashing into Plaintiffs;

(d)     Failing to pay attention to attendant traffic and driving conditions; and

(e)     attempting to turn when unsafe to do so.

4.3.    Defendant Landstar is liable for Defendant Antonio's conduct under the doctrine of *respondeat superior*. Defendant Antonio was employed by Defendant Landstar as its authorized agent, servant, and/or employee on the date in question and was acting in that capacity at the time of the occurrence that gives rise to this lawsuit. Defendant Landstar is vicariously liable for Defendant Antonio's negligence because Defendant Landstar was acting within his general authority and in furtherance of the business of Defendant Landstar at the time of the collision, and for the accomplishment of the object for which he was hired, and therefore he was in the course and scope of his employment and/or agency with Defendant Landstar at the time of the collision.

4.4.    Alternatively, Defendant Landstar is vicariously liable as a matter of law for the negligence of Defendant Antonio because Defendant Antonio was a statutory employee of Defendant Landstar pursuant to the Federal Motor Carrier Safety Regulations.

## V.
## DAMAGES

5.1.    As a result of the subject crash, Plaintiffs have suffered in the past, and will in reasonable probability suffer in the future, actual, special, incidental and/or consequential damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses.  These damages were proximately caused by the negligence of the Defendants.

## VI.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

6.1    Plaintiffs seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VII.
## CONDITIONS PRECEDENT

7.1    All conditions precedent to Plaintiffs' right to recover and Defendants' liability have been performed, have occurred and/or been waived.

## VIII.
## JURY DEMAND

8.1    Plaintiffs request a trial by jury and tender the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their actual, special, incidental

and/or consequential damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

Dated: August 30, 2021

Respectfully submitted,

WATTS GUERRA, LLP
4 Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257
Telephone: (210) 447-0500
Facsimile: (210) 447-0501


By: /s/ Jorge Mares
Francisco Guerra IV
State Bar No. 00796684
fguerra@wattsguerra.com
Jorge L. Mares
State Bar No. 24087973
jmares@wattsguerra.com

and

MICHAEL MILLER
State Bar No. 00788060
mmiller@michaelmillerlaw.com
Law Offices of Michael Miller, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Telephone: (210) 225-6666
Facsimile: (210) 225-2300

**ATTORNEYS FOR PLAINTIFF**